UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------------

| | : | |
|---|---|---|
| ELIZABETH ROBISON, | : | |
| | : | CASE NO. 4:19-cv-267 |
| Plaintiff, | : | |
| | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Docs. 1, 13] |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |
| | : | |

-------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Elizabeth Robison seeks review of the Social Security Administration's denial of supplemental security income and disability insurance benefits.[1] Magistrate Judge David A. Ruiz recommends affirming the denial of benefits.[2] Plaintiff raises two objections.[3]

For the reasons stated below, this Court **OVERRULES** Plaintiff's objections, **ADOPTS** the Magistrate Judge's Report and Recommendation ("R&R"), and **AFFIRMS** the decision of the Commissioner of Social Security.

## I. Background

On February 19, 2015, Plaintiff, a 31-year-old individual with schizoaffective disorder and diabetes, applied for Social Security benefits.[4]

On December 8, 2016, Plaintiff had a hearing before a Social Security Administrative Law Judge ("ALJ").[5]

---

[1] Doc. 1.
[2] Doc. 13.
[3] Doc. 14.
[4] Doc. 9 ("Transcript" or "Tr.") at 119-125, 357-62.
[5] Tr. at 166-90.

Case No. 19-cv-267
Gwin, J.

On December 23, 2016, the ALJ found Plaintiff not disabled.[6]

On February 4, 2019, Plaintiff filed the instant case seeking review of the Social Security Administration's unfavorable decision.[7]

In her merits brief, Plaintiff's sole assignment of error was a challenge to the ALJ's evaluation of Plaintiff's treating advanced practice registered nurse ("APRN") medical records.[8] Though the ALJ summarized most of the APRN medical records, Plaintiff argues that the ALJ failed to consider the APRN's (1) several letters saying that Plaintiff was unable to work and (2) December 2, 2016 opinion that Plaintiff's return to work would exacerbate Plaintiff's mental health symptoms.[9]

The Government opposed, arguing that (1) the APRN's "off work" letters essentially opine on whether Claimant is legally disabled, which is an issue reserved to the Commissioner,[10] and (2) the APRN's December 2, 2016 medical record was from a "mental impairment questionnaire, which consisted of some fill in the blank answers, but mostly check boxes."[11]

On January 2, 2020, the magistrate judge recommended that the Court affirm the Social Security Administration's denial of benefits.[12] The magistrate judge rejected Plaintiff's APRN argument on two grounds.

First, the magistrate judge noted that 2015 Social Security regulations provided that APRN opinions were not given controlling weight. Rather, ALJs had discretion to

---

[6] Tr. 126.
[7] Doc. 1.
[8] Doc. 10 at 11.
[9] Doc. 10 at 13 (referencing Tr. 617-20, 625-31.).
[10] Doc. 12 at 11.
[11] Doc. 12 at 8 (citing Tr. 617-20).
[12] Doc. 13.

Case No. 19-cv-267
Gwin, J.

determine the appropriate weight to give the APRN's opinion.[13] In view of the then-existing regulations, the magistrate judge concluded that the ALJ's APRN assessment was supported by substantial evidence and did not constitute legal error.[14]

Second, the magistrate judge said that the APRN's December 2, 2016 opinion was a patently deficient "check-box opinion" that was similar to an earlier opinion that the ALJ did discuss.[15] Accordingly, the magistrate judge said any failure to reference it was harmless error.[16]

On January 17, 2020, Plaintiff objected to the magistrate judge's report and recommendation ("R&R").[17]

## II. Legal Standard

The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of the R&R to which the parties object.[18] The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[19]

When reviewing an ALJ's disability determination under the Social Security Act, a district court determines whether the ALJ's decision is "supported by substantial evidence

---

[13] Doc. 13 at 13. Generally, opinions from "acceptable medical sources," such as treating physicians, are given controlling weight. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). In 2015, APRN were designated as an "other source" rather than "acceptable medical sources." See 20 C.F.R. § 404.1502 (2015). Thus, an ALJ had discretion in the weight they ascribed to APRNs. *See Engebrecht v. Comm'r of Soc. Sec.*, 572 F. App'x 392, 398 (6th Cir. 2014) ("[A]n ALJ has discrimination to determine the proper weight to accord opinions from 'other sources.'").
[14] Doc. 13 at 13-17. As of 2017, APRN opinions are treated as "acceptable medical sources." 20 C.F.R. § 404.1502(a)(7) (2020). The amendment was not retroactive. 20 C.F.R. § 404.1502.
[15] Doc. 13 at 18-20.
[16] Doc. 13 at 20.
[17] Doc. 14.
[18] 28 U.S.C. § 636(b)(1).
[19] *Id.*

and [is] made pursuant to proper legal standards."[20] Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[21] Substantial evidence is more than a scintilla of evidence, but less than a preponderance.[22]

A district court should not try to resolve "conflicts in evidence[] or decide questions of credibility."[23] A district court may not reverse an ALJ's decision when substantial evidence supports it, even if the court would have made a different decision.[24]

To establish disability under the Social Security Act, a plaintiff must show that she cannot engage in any substantial gainful activity because of a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."[25]

### III. Discussion

The Court discusses Plaintiff's two objections in reverse order.

In Plaintiff's second objection, she reiterates her merits brief argument that the ALJ's decision lacked substantial evidence for the ALJ's treatment of the APRN's medical opinions.[26] Plaintiff says that the ALJ should have given more weight to the APRN's opinions—especially the December 2, 2016 questionnaire.[27]

---

[20] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); *see also* 42 U.S.C. § 405(g).
[21] *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotations omitted).
[22] *Id.*
[23] *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).
[24] *See Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987); *see also Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003) (holding that an ALJ's decision cannot be overturned so long as the ALJ's decision was supported by substantial evidence).
[25] 42 U.S.C. § 423(d)(1)(A); *see also Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001).
[26] Doc. 14 at 2-4.
[27] Specifically, Plaintiff argues that "The ALJ's analysis of nurse Kozicky's February 25, 2015 opinion lacked the support of substantial evidence, and the absence of any acknowledgment of her December 2, 2016 opinion eliminated substantial evidence from the ALJ's overall analysis and ultimate conclusion in the instant matter." Doc. 14 at 3.

As the Magistrate Judge correctly noted,[28] in 2015 ALJs enjoyed discretion when weighing APRN opinions.[29] At the time, Social Security guidance said ALJ's should evaluate APRN evidence based "on the particular facts in each case."[30]

Here, the ALJ described the APRN's[31] medical evidence in a fair amount of detail:

> The claimant received treatment at Psycare for issues related to parenting (B12F). Treatment notes from the claimant's treating psychiatrist, Natalie G. Kozieky, PMNHP, reveal that the claimant, as of January 2015, tolerated her medication well though she complained of mood swings and, later paranoia. Dr. Kozieky treated it with medication adjustments (B4F). In April 2015, the claimant reported that her menstrual cycle tends to affect her mood, increasing manic symptoms, with depression symptoms following, afterwards. Nevertheless, the claimant maintained her medication regimen and attended therapy and medication management, as scheduled (B9F). The claimant did not have difficulty with her treatment regimen, but complained of stressors increasing her symptoms, such as marital and financial strife (B12F). In September 2015, Dr. Kozieky added a mood stabilizer to the claimant's regimen, due to suicidal ruminations (B11F). By the following November, the claimant reported doing well, and attributed it to her medication (B14F). In fact, her improvement continued through 2016. She denied any problems with her medication. In May 2016, the claimant reported that she received a job offer, but declined it to stay home and care for her husband and daughter. (B14F and B18F).
>
> As for the opinion evidence, on February 6, 2015, Dr. Kozieky reported that if the claimant understood directions, she could remember and follow them. She has impaired focus and concentration. She had difficulty persisting at tasks, which is dependent on her mood swings and racing thoughts. She avoids social interactions as much as possible. She deteriorates rapidly under pressure (B5F). I afford little weight to Dr. Kozieky's opinion as it does not take into account the claimant's great response to medication and relies heavily on the claimant's subjective complaints. The claimant socially isolates herself, but relates well to her family, including her husband, daughter and mother-in-law. She performs routine, repetitive, simple tasks, noted in her ability to care for her disabled husband and daughter. She is

---

[28] Doc. 13 at 13.
[29] *See Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 530 (6th Cir. 1997)
[30] SSR 06–03P, 2006 WL 2329939 at *7; *accord Cruse v. Comm'r of Soc. Sec.,* 502 F.3d 532, 541 (6th Cir. 2007) (Interpreting SSR 06–03P to say that APRN evidence "should be evaluated by [considering] applicable factors, including how long the source has known the individual, how consistent the opinion is with other evidence, and how well the source explains the opinion.").
[31] The ALJ mistakenly refers to the APRN as a doctor/psychiatrist.

Case No. 19-cv-267
Gwin, J.

> independent in activities of daily living as well as in self-care. Dr. Kozieky's opinion represents extreme restrictions on the claimant's functioning, which are not supported by the overall record.[32]

The ALJ's foregoing assessment of the APRN evidence was in line with Social Security's policy guidance and did not lack substantial evidence. In it, the ALJ analyzes the APRN treatment dates, the APRN opinion's consistency with other evidence, and explained why the ALJ afforded the APRN evidence little weight.

To be sure, the ALJ did not expressly discuss the APRN's December 2, 2016 opinion that Plaintiff's going back to work would exacerbate Plaintiff's symptoms. However, the ALJ was not required to discuss every discrete record,[33] especially from a source that the ALJ had discretion to weigh.[34] The ALJ's valuation of the APRN evidence, even without mention of the December 2, 2016 opinion, was supported by substantial evidence.

The Court agrees with the magistrate judge and overrules Plaintiff's second objection.

In Plaintiff's first objection, she says that the magistrate judge mischaracterized the omitted December 2, 2016 medical record by calling it a patently deficient checkbox form.[35] Plaintiff says that the medical record is not patently deficient.

Checkbox forms are those in which medical personnel check boxes corresponding to a patient's limitations. "Many courts have cast doubt on the usefulness of these forms

---

[32] Tr. 122-123.
[33] *Van Der Maas v. Comm'r of Soc. Sec.*, 198 F. App'x 521, 526 (6th Cir. 2006) (saying there is no requirement that either the ALJ or the reviewing court discuss every piece of evidence in the administrative record); *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) ("'[A]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.'" (quoting *Loral Defense Systems-Akron v. N.L.R.B.*, 200 F.3d 435, 453 (6th Cir. 1999))).
[34] SSR 06–03P, 2006 WL 2329939 at *7
[35] Doc. 14 at 1-2.

and agree that administrative law judges may properly give little weight to a treating physician's 'check-off form' of functional limitations that 'did not cite clinical test results, observations, or other objective findings.'"[36]

Plaintiff's first objection has some merit. The December 2, 2016 medical record contained somewhat more information than the checkbox forms that the Social Security Administration and the courts give little weight.[37]

Nonetheless, the ALJ's thorough discussion of the APRN's opinions, even without mention of the December 2, 2016 questionnaire, was sufficient. The magistrate judge's characterization of the December 2, 2016 opinion as patently deficient is therefore irrelevant.

The Court also overrules Plaintiff's first objection and affirms the magistrate judge's determination.

In summary, the ALJ's decision is supported by substantial evidence and was made pursuant to proper legal standards

## IV. Conclusion

For these reasons, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the Magistrate Judge's Report and Recommendation, and **AFFIRMS** the decision of the Commissioner of Social Security.

---

[36] *Ellars v. Comm'r of Soc. Sec.*, 647 F. App'x 563, 566 (6th Cir. 2016) (quoting *Teague v. Astrue,* 638 F.3d 611, 616 (8th Cir. 2011)).

[37] *Compare Ellars v. Comm'r of Soc. Sec.*, 647 F. App'x 563, 566 (6th Cir. 2016) (describing checkbox forms with scant explanation) *with* Tr. 617-620 (Kozieky's checkbox form containing a fair amount of explanation, including the frequency and duration of treatment, reference to notes, and description of additional reasons Kozieky believed that Plaintiff could not return to work).

Case No. 19-cv-267
Gwin, J.

IT IS SO ORDERED.

Dated: February 27, 2020           *s/     James S. Gwin*
                                   JAMES S. GWIN
                                   UNITED STATES DISTRICT JUDGE